Pages 1 - 13

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

           BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
  VS.                          )    No. CR 13-00587 CRB
                               )
DANIEL ROSENBLEDT,             )
                               )
          Defendant.           )
_____)    San Francisco, California


                                    Monday, November 4, 2013


                    TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:         U.S. DEPARTMENT OF JUSTICE
                       Antitrust Division
                       450 Golden Gate Avenue, 10th Floor
                       San Francisco, California  94102
                 BY:   CHRISTINA MARIE WHEELER

For Defendant:         DUANE MORRIS LLP
                       One Market Plaza
                       Spear Street Tower - Suite 2000
                       San Francisco, California  94105
                 BY:   GEORGE D. NIESPOLO, ESQ.
                       JENNIFER BRIGGS FISHER, ESQ.



Reported By:  BELLE BALL, CSR 8785, CRR, RDR
              Official Reporter, U.S. District Court

```
 1    Monday - November 4, 2013                          10:37 a.m.
 2                         P R O C E E D I N G S
 3         THE CLERK:  CR 13-0587, the United States of America
 4    versus Daniel Rosenbledt.  Appearances, counsel?
 5         MS. WHEELER:  Good morning, Your Honor.  Chris
 6    Wheeler on behalf of the United States.
 7         THE COURT:  Good morning.
 8         MR. NIESPOLO:  Good afternoon, Your Honor.  George
 9    Niespolo on behalf --
10         THE COURT:  Morning.  It's morning.  I know, it may
11    seem like afternoon.
12         MR. NIESPOLO:  Did I say "afternoon"?
13         THE COURT:  Yes.
14         MR. NIESPOLO:  Oh.
15         THE COURT:  But it's actually -- I know, being in
16    front of me is like an eternity where the time simply drags on
17    with such -- but it's still morning.  Now, that doesn't mean
18    you won't be here through the afternoon, but at least at this
19    point, it's this morning.
20         MR. NIESPOLO:  I would prefer not to come back at
21    2:00, your Honor.
22         THE COURT:  Okay.
23         MR. NIESPOLO:  George Niespolo on --
24         THE COURT:  Well, we may have an issue.
25         MR. NIESPOLO:  Well --
```

1      **THE COURT:**  We don't.

2      **MS. WHEELER:**  I don't believe so, Your Honor.

3      **THE COURT:**  Oh, no, that's right.  This is the
4  Antitrust Division.

5      **MS. WHEELER:**  Yeah.

6      **THE COURT:**  So it's good enough for the Antitrust
7  Division not to have this condition in, which, by the way, I
8  think is -- I'm not going to comment on it, but you already
9  heard my views on this subject.

10     The Antitrust Division isn't saying:  You know, if they
11 change the law, why shouldn't the defendant get the benefit of
12 that?

13     And by the way, the benefit of that, just not to put too
14 fine a point on it -- I'm sorry Mr. Leung isn't here -- the
15 benefit of that is that the Court simply re-examine the issue
16 again, and make some determination as to whether or not it's
17 appropriate to do anything about it.  That's all it is.  It's
18 not a mandatory -- at least, so far, it's not mandatory in the
19 crack powder disparity, it was simply if a judge wants to
20 consider and thinks under all the circumstances he or she
21 might have applied a different sentence, imposed a different
22 sentence or other circumstances and so forth, then you do it.
23 And that's what Congress ,when they enacted the statute,
24 wanted done.

25     **MR. NIESPOLO:**  Was there resistance to that?

1     **THE COURT:**  Weren't you here this morning?

2     **MR. NIESPOLO:**  I was.

3     **THE COURT:**  Well, you heard what he said.  He said:
4  No, I can't agree to that.  I have to go back to talk to the
5  United States Attorney about that.

6     **MR. NIESPOLO:**  (Inaudible)

7     **THE COURT:**  Yeah, I think there is some resistance to
8  that.  But I'm not blaming Mr. Leung.  I mean, he -- you know,
9  he did what I would expect attorneys to do, which is that:
10 I'm not authorized to -- to start changing a plea agreement.
11 Which is smart.
12    But then I did notice that the Antitrust Division -- and
13 last I looked, they still are part of the government --
14 doesn't require it.

15    **MR. NIESPOLO:**  (Nods head)

16    **THE COURT:**  And by the way, there may be substantial
17 changes in the -- the Sentencing Commission now is looking at
18 the issue of economic crimes.  And trying to figure out, you
19 know, what are appropriate sentences with respect to -- it's
20 not simple.  It's very complicated.
21    Anyway, that's enough of me.  Okay.

22    **MR. NIESPOLO:**  Your Honor, I would also like to
23 announce the appearance of Jennifer Briggs Fisher, who is here
24 with me today representing Mr. Rosenbledt.

25    **THE COURT:**  Welcome.

```
 1            MR. NIESPOLO:  Who is present in the courtroom.
 2            THE COURT:  Okay, so we are here for plea.  Is that
 3   correct?
 4            MR. NIESPOLO:  That's correct.
 5            THE COURT:  Would you administer the oath to
 6   Mr. Rosenbledt.
 7       (Defendant placed under oath)
 8            THE COURT:  Mr. Rosenbledt, do you understand that
 9   you are now under oath, and must answer my questions
10   truthfully?
11            THE DEFENDANT:  Yes, Your Honor.
12            THE COURT:  May I have your full name, please.
13            THE DEFENDANT:  Daniel James Rosenbledt.
14            THE COURT:  And how old are you?
15            THE DEFENDANT:  Sixty years of age.
16            THE COURT:  How far did you go in school?
17            THE DEFENDANT:  I graduated from a four-year college.
18            THE COURT:  Okay.  Have you been treated recently for
19   any mental illness or addiction to narcotic drugs of any kind?
20            THE DEFENDANT:  No, I haven't.
21            THE COURT:  Are you currently under the influence of
22   any drug, medication, or alcoholic beverage of any kind?
23            THE DEFENDANT:  No, I'm not.
24            THE COURT:  Have you received a copy of the charges
25   pending against you?
```

1    **THE DEFENDANT:**  Yes, I have, Your Honor.
2    **THE COURT:**  And have you discussed those charges and
3  your case in general with your attorney?
4    **THE DEFENDANT:**  Yes, I have.
5    **THE COURT:**  Are you fully satisfied with the
6  representation given to you in this case by your attorney?
7    **THE DEFENDANT:**  Yes, I am.
8    **THE COURT:**  There is a plea agreement in this case.
9  Did you have an opportunity to read and discuss the plea
10  agreement with your attorney before you signed it?
11    **THE DEFENDANT:**  Yes, I did.
12    **THE COURT:**  Does the plea agreement represent in its
13  entirety any understanding you have with the government?
14    **THE DEFENDANT:**  Yes, it does.
15    **THE COURT:**  You understand all the terms of the plea
16  agreement?
17    **THE DEFENDANT:**  Yes.
18    **THE COURT:**  Has anyone made any promise or assurance
19  that is not in the plea agreement, to persuade you to accept
20  this agreement?
21    **THE DEFENDANT:**  No one has.
22    **THE COURT:**  Has anyone threatened you in any way to
23  persuade you to accept this agreement?
24    **THE DEFENDANT:**  No, they have not.
25    **THE COURT:**  Do you understand that the terms of the

1  plea agreement are merely recommendations to the Court?  That
2  I can reject the recommendations without permitting you to
3  withdraw your plea of guilty, and impose a sentence that is
4  more severe than you may now anticipate?
5          **THE DEFENDANT:**  Yes, I do, Your Honor.
6          **THE COURT:**  Has anyone attempted in any way to force
7  you to plead guilty, or otherwise threatened you?
8          **THE DEFENDANT:**  No.
9          **THE COURT:**  Has anyone made any promises or
10 assurances of any kind to get you to plead guilty, other than
11 those that are contained in the plea agreement?
12         **THE DEFENDANT:**  No, they haven't.
13         **THE COURT:**  Are you pleading guilty of your own free
14 will, because you are guilty?
15         **THE DEFENDANT:**  Yes, I am.
16         **THE COURT:**  Do you understand that the offenses to
17 which you are pleading guilty -- is it multiple?
18         **MR. NIESPOLO:**  (Nods head)
19         **THE COURT:**  Offenses to which you are pleading are
20 felony offenses; if your pleas are accepted, you will be
21 judged guilty of those offenses?  And that such adjudication
22 may deprive you of valuable civil rights such as the right to
23 vote, the right to hold public office, the right to serve on a
24 jury, and the right to possess any kind of firearm?
25         **THE DEFENDANT:**  Yes, I am, Your Honor.

1   **THE COURT:** Are you a citizen of the United States?
2   **THE DEFENDANT:** I am.
3   **THE COURT:** Okay. What are the possible consequences
4   of the plea?
5   **MS. WHEELER:** For Counts 1 and 3, 15 U.S. Code
6   Section 1, bid-rigging, the maximum penalties are a term of
7   imprisonment of ten years; a fine of $1 million, or two times
8   the gross gain or loss whichever is greater; a period of
9   supervised release of not more than three years; a $100
10  special assessment per count; and restitution.
11      Pursuant to Counts 2 and 4, 18 U.S. Code Section 1349,
12  conspiracy to commit mail fraud, the maximum penalties are a
13  term of imprisonment of 30 years; a fine of $1 million; a
14  period of supervised release of not more than five years; a
15  $100 special assessment per count; restitution; and forfeiture
16  of any property constituting or derived from proceeds the
17  defendant obtained, directly or indirectly, as a result of the
18  violation pursuant to 18 U.S. Code Section 981(a)(1)(c).
19  **THE COURT:** Do you understand those are the possible
20  consequences of your plea?
21  **THE DEFENDANT:** Yes, I do, Your Honor.
22  **THE COURT:** Have you discussed the advisory
23  sentencing guidelines with your attorney?
24  **THE DEFENDANT:** Yes, I have.
25  **THE COURT:** Do you understand that's only one factor

1  among other factors that the Court considers in determining
2  your sentence?
3          **THE DEFENDANT:**  Yes, I do.
4          **THE COURT:**  And I believe that the plea agreement
5  contemplates the possibility of your cooperation with the
6  government.  Is that correct?
7          **THE DEFENDANT:**  Yes, it does.
8          **THE COURT:**  And do you understand that -- that the
9  issue of whether you are to be awarded or given a departure
10 for rendering substantial assistance to the government is a
11 decision that must be made by the government, as distinct from
12 either the Court or your attorney in the first instance?  Do
13 you understand that?
14         **THE DEFENDANT:**  Yes, I do.
15         **THE COURT:**  In other words, your attorney can't make
16 a motion that you get a 5K1 departure or substantial
17 assistance departure, nor can the Court, because the authority
18 rests solely with the government.
19    Do you understand that?
20         **THE DEFENDANT:**  Yes, I do.
21         **THE COURT:**  Okay.  Do you understand that you have
22 the right to plead not guilty to any offense charged against
23 you, and persist in that plea?
24    You would then have a trial by jury.  At trial you would
25 be presumed to be innocent, the government would have to prove

1  each and every element of each and every offense in order for
2  you to be found guilty of that particular offense.
3      You would have the right to assistance of counsel for your
4  defense, appointed by the Court if necessary, at trial and at
5  every other stage of the proceeding.
6      You would have the right to see and hear all the
7  witnesses; have them cross-examined in your defense; the right
8  on your own part to decline to testify, unless you voluntarily
9  elected to do so in your own defense; and the right to compel
10 the attendance of witnesses to testify in your defense.  Do
11 you understand that?
12          **THE DEFENDANT:**  Yes, I do.
13          **THE COURT:**  Do you further understand that should you
14 decide not to testify or put on any evidence, these facts
15 cannot be used against you?
16          **THE DEFENDANT:**  Yes, I do.
17          **THE COURT:**  Do you further understand that by
18 entering a plea of guilty, if the plea is accepted by the
19 Court there will be no trial, and you will have given up your
20 right to a trial, as well as the other rights associated with
21 trial as I've just described them?
22          **THE DEFENDANT:**  Yes, Your Honor.
23          **THE COURT:**  What are the essential elements of the
24 offense?
25          **MS. WHEELER:**  For Counts 1 and 3, that the defendant

1    participated in a combination and conspiracy to suppress and
2    restrain competition by agreeing to rig bids, to obtain title
3    to selected real estate offered at public foreclosure auctions
4    in San Mateo and San Francisco Counties; that this agreement
5    was unreasonable restraint of trade; and that the business
6    activities of the defendant and his co-conspirators were
7    within the flow of or substantially affected interstate
8    commerce.
9        For Counts 2 and 4, conspiracy to commit mail fraud, that
10   there was an agreement between two or more persons to commit
11   the crime of mail fraud; and that the defendant became a
12   member of the conspiracy knowing of at least one of its
13   objects, and intending to help accomplish it.
14           **THE COURT:**  Do you believe that the government would
15   be able to produce evidence at trial that would establish each
16   and every element of these offenses, beyond a reasonable
17   doubt?
18           **THE DEFENDANT:**  I do, Your Honor.
19           **THE COURT:**  And would you look at the plea agreement,
20   please, starting on Page 3.  You have that before you?
21           **THE DEFENDANT:**  Yes.
22           **THE COURT:**  Paragraph 4, which starts on Line 19 and
23   goes through Page 4 in its entirety, goes through Page 5 of
24   its entirety, and on Page 6, concludes on Line 22.  Do you see
25   that?

1       **THE DEFENDANT:**  Yes.

2       **THE COURT:**  And did you read that paragraph or those
3  paragraphs, those pages -- it's Paragraph 4, but it's over
4  several pages.  Did you read those pages carefully?

5       **THE DEFENDANT:**  Yes, I did.

6       **THE COURT:**  And is everything stated in those pages
7  true and correct?

8       **THE DEFENDANT:**  They are, Your Honor.

9       **THE COURT:**  You may take the plea.

10      **THE CLERK:**  Daniel Rosenbledt, how do you plead to
11 Counts 1 through 4 of the information?

12      **THE DEFENDANT:**  Guilty.

13      **THE CLERK:**  Your Honor, the defendant Daniel
14 Rosenbledt has pled guilty to Counts 1 through 4 of the
15 information.

16      **THE COURT:**  It is the finding of the Court is that
17 the defendant is fully competent, capable of entering informed
18 pleas; the defendant is aware of the nature of the charges and
19 the consequences of the pleas; and the pleas of guilty are
20 knowing and voluntary pleas, supported by an independent basis
21 in fact containing each of the essential elements of the
22 offenses.

23      The pleas are therefore accepted.  The defendant is now
24 judged guilty of those offenses.

25      **THE CLERK:**  Would you like a status for April 2nd at

```
 1    2:00?
 2            MS. WHEELER:  Sure, that would be great.
 3       (Off-the-Record discussion between Defendant and Counsel)
 4            THE CLERK:  Did you get the date?
 5            MR. NIESPOLO:  What time?
 6            THE CLERK:  2:00.
 7            MS. WHEELER:  Thank you, Your Honor.
 8            THE COURT:  Okay?
 9            MR. NIESPOLO:  Thank you, Judge.  Thank you so much.
10            THE COURT:  Sure.  Thank you very much.  Is that it?
11            THE CLERK:  That's it.
12            THE DEFENDANT:  Thank you, Your Honor.
13            THE COURT:  Okay, thanks.
14       (Proceedings concluded)
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/  Belle Ball*

Friday, January 27, 2017

Belle Ball, CSR 8785, CRR, RDR